# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ARTHUR SANDERS,** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-05-BE-288-S** |
| | ] | |
| **TOWN & COUNTRY BUILDING,** *et* | ] | |
| ***al.,*** | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

Before the court are the following motions: Defendant Central Alabama Title Company's

Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Doc. 5); Defendant

Long Beach Mortgage Company's Motion to Dismiss or For More Definite Statement (Doc. 9);

and Defendant Town & Country's Motion to Dismiss for Lack of Jurisdiction and Failure to

State a Claim (Doc. 14).  For the reasons stated below, the court grants Defendant Town &

Country's Motion to Dismiss claims under the Fair Credit Reporting Act for failure to state a

claim upon which relief can be granted; the court grants the motions to dismiss for lack of

subject matter jurisdiction; and the court dismisses the case without prejudice.

## I. Facts and Procedural Background

*Pro se* Plaintiff Arthur Sanders brings this action, alleging that the court has diversity

jurisdiction and federal question jurisdiction under the Fair Credit Reporting Act and the Truth in

Lending Act.[1]  *See Amended Complaint,*[2]  Doc. 6.  The factual allegations of the complaint, taken

---

[1] In the caption of the original Complaint, the Plaintiff also lists the "Federal Fair Housing
Act" as a jurisdictional basis.  *See Complaint,* Doc. 1, p. 1.  Because of the confusion over which
document functions as the Plaintiff's complaint, *see* footnote 2, the Defendants have argued that
no basis for jurisdiction exists under the Fair Housing Act.  However, in his Amended

1

in the light most favorable to the Plaintiff, are as follows:

On April 10, 2003, Town & Country filed a Statement of Lien for $63,379.76 on the Plaintiff's real property in Winston County, Alabama, for work performed on the real property. *See Amended Complaint*, Doc. 6, p. 3; *Complaint*, Doc. 1 , Ex. 1 (referenced in *Amended Complaint*, Doc. 6, at p. 1). Town & Country only partially performed the work it was supposed to perform and for which it filed the lien. *See Amended Complaint*, Doc. 6, p. 3. Plaintiff employed two other people to finish the job after Town & Country quit in October, 2002. *Id*. Bill Ory, a partner in Defendant Town & Country, was the person who filed the Statement of Lien for Town & Country. *See Amended Complaint*, Doc. 6, p. 3; *Complaint*, Doc. 1 , Ex. 1 (referenced in *Amended Complaint*, Doc. 6, at p. 1). (Bill Ory is not a defendant, though the Plaintiff refers to Ory as "Defendant Bill Ory.") Town & Country filed the lien after the statutory deadline for filing the lien. *See Amended Complaint*, Doc. 6, p. 3. Town & Country filed the lien for more than the unpaid balance for the work. *See Amended Complaint*, Doc. 6, p. 2. Plaintiff had already paid Town & Country $35,500.00 for the work. *Id*. The Statement of Lien contained unspecified "fraudulent statements." *Amended Complaint*, Doc. 6, p. 3. Town & Country "cause[d] the false and misleading lien to be served upon [c]redit reporting [b]ureaus and Defendant Long Beach Mortgage Company." *Amended Complaint*, Doc. 6, p. 3. Long Beach

Complaint, Doc. 6, and in all subsequent filings, the Plaintiff abandoned the Fair Housing Act as a jurisdictional basis. Therefore, the court will not consider federal question jurisdiction under the Fair Housing Act.

    [2]The parties' submissions in this case, not surprisingly, indicate some confusion as to which of Plaintiff's submissions functions as the Complaint. The Plaintiff's Amended Complaint, Doc. 6, filed on February 22, 2005 is the operative Complaint. Plaintiffs later filings do not function as amended complaints because they were filed without leave of court. *See* Fed. R. Civ. P. 15(a).

"knew or should have known through Central Alabama Title Company that the lien had been filed." *Id*.  Long Beach Mortgage Company paid Ory $31,500.00 without obtaining a release of the lien.  *Id*. "Defendants Bill Ory [sic] and Agent for Long Beach and Central Alabama Title Company conspired to ignore the lien and collect payments while at the same time" allowing the Plaintiff's debt to appear unpaid.  *Id*.

Plaintiff's Amended Complaint contains three counts.  Under Count I, Plaintiff alleges that Town & Country submitted false billing records to, and demanded $63,379.76 in payment from, Long Beach Mortgage Company.  Under Count II, Plaintiff alleges that all Defendants conspired to defraud the Plaintiff of money they did not earn and collected $31,500.00 without releasing the false liens.  Plaintiff purports to bring Count II under the Fair Credit Reporting Act and the Truth in Lending Act.  *See* Doc. 11.  Under Count III, the Plaintiff alleges that "Defendant" Bill Ory[3] violated the Fair Credit Reporting Act by knowingly furnishing inaccurate information to a credit reporting agency and by reporting to Long Beach and credit bureaus a bill for $10,000 that the Plaintiff did not owe.  *See Amended Complaint*, Doc. 6, p. 3.

All three Defendants filed Motions to Dismiss (Docs. 5, 9, & 14) alleging, *inter alia*, the court does not have jurisdiction over the subject matter of the case.   After reviewing the parties' submissions on the Motions to Dismiss, the court ordered the plaintiff to show, in writing, which sections of the Truth in Lending Act, if any, the Defendants violated by the allegations in the amended complaint.  *See* Doc. 22.   Plaintiff timely responded to the Order, *see* Doc. 27.  After Long Beach responded to the Plaintiff's submission, *see* Doc. 28, Plaintiff amended his response

---

[3]In construing the complaint liberally in favor of the Plaintiff, the court views Count III as a count against Town & Country, on whose behalf Ory was allegedly acting.

to the Order. *See* Doc. 29.

## II.  Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).  Courts are required to exercise a certain degree of deference in construing the complaints of *pro se* plaintiffs.  *See Harris v. Kerner*, 404 U.S. 519, 520 (1976); *Harris v. Ostrout*, 65 F.3d 912, 915 (11th Cir. 1995).  The court may grant the motion only if the court clearly cannot award the plaintiff relief "'under any set of facts that could be proved consistent with the allegations' of the complaint." *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Finally, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed R. Civ. P. 12(h)(3).  The party asserting jurisdiction, *i.e.* the Plaintiff, bears the burden of establishing that the court has jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 376 (1994).

## II.  Discussion

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases."  *Smith v. GTE Corp.* 236 F.3d 1292, 1299 (11th Cir. 2001) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir.2000)). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself

raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Id.* "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

**A. Diversity Jurisdiction**

The Plaintiff asserts that the court may exercise diversity jurisdiction over the case. A court can only exercise diversity jurisdiction when no defendant is a citizen of the same state as any plaintiff. See *Strawbridge v. Curtis*, 1 U.S. (3 Cranch) 267 (1806); *C.T. Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). Plaintiff is a citizen of Vestavia Hills, Alabama. *See Amended Complaint,* Doc. 6, p. 1. CAT is also a citizen of Alabama. *See* Doc. 5; *Amended Complaint,* Doc. 6, p. 1. Therefore, the parties are not completely diverse, and the court does not have diversity jurisdiction over this case.

**B. Federal Question Jurisdiction Under the Fair Credit Reporting Act.**

Plaintiff asserts Count III under Section 623(a) of the Fair Credit Reporting Act, 15 U.S.C. §1681 s-2(a). *See Amended Complaint*, Doc.6, p. 2; *Response in Opposition Motions to Dismiss*, *Doc.* 11. However, 15 U.S.C. §1681 s-2(a) does not create a private right of action. 15 U.S.C. §1681 s-2(c);[4] 15 U.S.C. §1681 s-2(d);[5] *see also Bank One, N.A. v. Colley*, 294 F. Supp.

---

[4]Section 1681s-2(c) states that "except as provided in section 1681s(c)(1)(B) of this title, [the private action sections of the Fair Credit Reporting Act] do not apply to any violation of subsection (a) of this section."

[5]Section 1681s-2(c)-(d) provides that "subsection (a) of this section, including any regulations issued thereunder...shall be enforced exclusively as provided under section 1681s of this title [providing for administrative enforcement] by the Federal agencies and officials and the

2d 864, 870 (M.D. La. 2003); *Riley v. Gen. Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1319 (S.D. Ala. 2002); *Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275, 1283 (M.D. Ala. 2001).  Because Plaintiff cannot bring a private action to enforce 15 U.S.C. §1681 s-2(a), the court clearly cannot grant the plaintiff relief  under any set of facts that could be proved consistent with the allegations of Plaintiff's FCRA claims.  Therefore, the court grants Defendant Town & Country's Motion to Dismiss all claims under FCRA because the complaint fails to state a claim upon which relief can be granted.  Accordingly, the court cannot exercise federal question jurisdiction based on the Plaintiff's FCRA claims.

### C.  Federal Question Jurisdiction Under the Truth In Lending Act.

The Plaintiff also contends that federal question jurisdiction exists under the Truth in Lending Act.  According to the allegations in the Amended Complaint, Long Beach Mortgage Company paid Ory, a partner in Town & Country, $31,500.00.  Doc. 6, p. 3. Plaintiff argues that, by paying Ory, Long Beach violated TILA's implementing Regulation Z, 12 C.F.R. § 226.34. This portion of Regulation Z prohibits creditors who"extend[] mortgage credit subject to [12 C.F.R.]§ 226.32"  from "pay[ing] a contractor under a home improvement contract from the proceeds of a mortgage covered by § 226.32, other than... [b]y an instrument payable to the consumer or jointly to the consumer and the contractor; or [a]t the election of the consumer, through a third-party escrow agent in accordance with terms established in a written agreement signed by the consumer, the creditor, and the contractor prior to the disbursement." 12 C.F.R. § 226.34.

However,  12 C.F.R. § 226.34 does not apply to the mortgage at issue in this case.  For a

_____

State officials identified in section 1681s of this title."

mortgage to qualify as a "mortgage covered by § 226.32," the mortgage must be, among other things, "a consumer credit transaction that is secured by the consumer's *principal dwelling*." 12 C.F.R. § 226.32 (emphasis added).  "A consumer can only have one principal dwelling at a time. Thus, a vacation or other second home would not be a principal dwelling." 12 C.F.R. part 226, supp. I (Official Staff Interpretations).  Long Beach submitted the mortgage, *see* Doc. 28, Ex. B, and through it has shown that the mortgage in question is, by its terms, secured by the Plaintiff's second home, not his principal dwelling.  *See* Doc. 28, Ex. B, *Second Home Rider*, p. 1 ("Occupancy.  Borrower shall occupy, and shall only use, the Property as Borrower's second home.")  Because the mortgage at issue is not secured by the consumer's principal dwelling, it is not "a mortgage covered by § 226.32," and the section of TILA under which the Plaintiff claims the court has jurisdiction does not apply to the claims in this case.   Therefore, the court cannot exercise jurisdiction based on TILA.

**IV.  Conclusion**

Because the court cannot exercise diversity jurisdiction or federal question jurisdiction under FCRA or TILA, the court lacks subject matter jurisdiction, and, therefore, dismisses the case.

DONE and ORDERED this 29th day of April, 2005.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE