FILED
2005 May-06  PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR SANDERS,**         Plaintiff, | ]<br>]<br>] |
| v. | ]   CV-05-BE-288-S |
| | ] |
| **TOWN & COUNTRY BUILDING,** *et al.*,         Defendants. | ]<br>]<br>] |

## ORDER

Before the court is Plaintiff Arthur Sanders' Motion to Reconsider (Doc. 34), which the court construes as a Rule 60 Motion for Relief from Judgment. For the reasons stated below, the court denies the motion.

**I. Facts and Procedural Background**

*Pro se* Plaintiff Arthur Sanders brought this action, alleging that the court had diversity jurisdiction and federal question jurisdiction under the Fair Credit Reporting Act and the Truth in Lending Act. *See Amended Complaint*, Doc. 6. All three Defendants filed Motions to Dismiss (Docs. 5, 9, & 14), alleging, *inter alia*, the court did not have jurisdiction over the subject matter of the case.

After reviewing the parties' submissions on the Motions to Dismiss, the court ordered Sanders to show, in writing, which sections of the Truth in Lending Act, if any, the Defendants violated by the allegations in the amended complaint. *See* Doc. 22. Sanders timely responded to the Order. *See* Doc. 27. Long Beach responded to Sanders's submission. *See* Doc. 28. On April 29, 2005, the court dismissed the case for lack of subject matter jurisdiction. *See April 29, 2005 Order of Dismissal and Memorandum Opinion*, Docs. 32 & 33. The court based its

determination that it lacked jurisdiction under TILA on the terms of the mortgage at issue.[1]  By its terms, the mortgage was secured by Sanders's second home, not his principal dwelling, and, therefore, the section of TILA under which the Plaintiff claimed the court has jurisdiction did not apply to the claims in this case.

Sanders now moves for reconsideration because, he claims, he received Long Beach's response on the same day he received the court's Order of Dismissal.  *See Motion to Reconsider*, Doc. 34, p. 1.  Sanders argues that, because he intends to use the home subject to the mortgage at issue as his principal dwelling after completion of construction, the home is his principal dwelling under TILA, and, therefore, the court has jurisdiction under TILA.  *Id*.

## II. Discussion

The court construes Sanders's request to reconsider its jurisdiction as a motion under Rule 60(b), which allows a court to set aside a judgment for "any... reason justifying relief from the operation of the judgment."  Fed R. Civ. P. 60(b)(6).  Rule 60(b)(6) gives the court broad equitable powers to relieve a party from judgment to accomplish substantial justice.  *Shores v. Sklar*, 885 F.2d 760, 766 n.3 (11th Cir. 1989); *Valle v. Chios Venture Shipping*, No. CIV. A. 98-0748 1999 WL 155942, at *2 (E.D. La. Mar 17, 1999).

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases."  *Smith v. GTE Corp*. 236 F.3d 1292, 1299 (11th Cir. 2001) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir.2000)).

---

[1] "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Id*. As the party asserting jurisdiction, Sanders bears the burden of establishing that the court has jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 376 (1994).

Sanders contends that federal question jurisdiction exists under the Truth in Lending Act. According to the allegations in the Amended Complaint, Long Beach Mortgage Company paid Ory, a partner in Town & Country, $31,500.00. Doc. 6, p. 3. Sanders argues that, by paying Ory, Long Beach violated TILA's implementing Regulation Z, 12 C.F.R. § 226.34. This portion of Regulation Z prohibits creditors who "extend[] mortgage credit subject to [12 C.F.R.]§ 226.32" from "pay[ing] a contractor under a home improvement contract from the proceeds of a mortgage covered by § 226.32, other than... [b]y an instrument payable to the consumer or jointly to the consumer and the contractor; or [a]t the election of the consumer, through a third-party escrow agent in accordance with terms established in a written agreement signed by the consumer, the creditor, and the contractor prior to the disbursement." 12 C.F.R. § 226.34.

To qualify as a "mortgage covered by § 226.32," the mortgage must be, among other things, "a consumer credit transaction that is secured by the consumer's *principal dwelling*." 12 C.F.R. § 226.32 (emphasis added). Under TILA,

> A consumer can only have one principal dwelling at a time. Thus, a vacation or other second home would not be a principal dwelling. However, if a consumer buys or builds a new dwelling that will become the consumer's principal dwelling within a year or upon the completion of construction, the new dwelling is considered the

3

> principal dwelling for purposes of applying this definition to a particular transaction.

12 C.F.R. part 226, supp. I (Official Staff Interpretations).

Unless demonstrably irrational, Federal Reserve Board staff opinions are dispositive in construing TILA or Regulation Z. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980). However, the nature of a dwelling is a question of fact, *see Scott v. Long Island Sav. Bank, FSB*, 937 F.2d 738, 741 (2d Cir.1991), not a question of statutory or regulatory construction. Therefore, the court looks to the Federal Reserve Board staff opinions for definitions of "principal dwelling" and "second home," but the court looks to the facts of the case to determine which definition applies to the dwelling that secured the mortgage at issue.

Sanders now claims the mortgaged home is his principal dwelling under TILA because he will use the home as his principal dwelling after construction is finished. However, neither Sanders's unilateral intent to make the home his principal residence, nor Regulation Z's Official Staff Interpretations, change the clear language of the mortgage, which states, "Borrower shall occupy, and shall *only* use, the Property as Borrower's second home." *See* Doc. 28, Ex. B, *Second Home Rider*, p. 1 (emphasis added). Therefore, the mortgage is, by its terms, secured by the Plaintiff's second home, not his principal dwelling.

Sanders has produced no authority, and the court has found none, whereby the court should determine the nature of the dwelling that secures the mortgage by considering Sanders's currently expressed intended use of the property instead of the plain terms of the mortgage and Sanders's stated intent at the time he signed the mortgage. Therefore, the court finds no reason to vacate its previous finding, based on the plain language of the contract, that the mortgage is

secured by Sanders's second home.

Alternatively, Sanders has not demonstrated that retracting his signed promise to only use the property as his second home justifies relief from the operation of the previous judgment under Rule 60(b), or that exercising jurisdiction based on the retraction would accomplish substantial justice.  *See* Fed. R. Civ. P. 60(b)(6) (allowing a court to set aside a judgment for "any... reason justifying relief from the operation of the judgment"); *Shores v. Sklar*, 885 F.2d 760, 766 n.3 (11th Cir. 1989) (noting that "Rule 60(b) is... construed liberally to do substantial justice"); (*Valle v. Chios Venture Shipping*, No. CIV. A. 98-0748 1999 WL 155942, at *2 (E.D. La. Mar 17, 1999).   Not only is Sanders asking the court to exercise its Rule 60(b) powers based on the retraction of a signed contractual promise, but he is also asking the court to vacate its previous judgment by sanctioning what may well have been a material misrepresentation to Long Beach.  Immediately before Sanders's signature, the mortgage's Second Home Rider states, "Borrower shall be in default if, during the Loan application process, Borrower... gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan.  *Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's second home.*"  Doc. 28, Ex. B, *Second Home Rider*, p. 1 (emphasis added).  Moreover, to accept Sanders's argument now would retroactively subject Long Beach to a number of TILA requirements that, based on Sanders's signed representation, it did not originally anticipate it would have to meet.  Therefore, the court finds that relieving Sanders from the previous judgment would not accomplish substantial justice, and Sanders's arguments do not justify relief from judgment under Rule 60(b).

Because Sanders has produced no authority showing that the court should determine the nature of the dwelling that secures the mortgage by considering Sanders's currently expressed intended use of the property instead of the plain terms of the mortgage, and, alternatively, because relieving Sanders from the previous judgment will not accomplish substantial justice, the court will not change its previous finding that, based on the terms of the mortgage, Sanders secured the mortgage with his second home. Because the mortgage at issue was secured by Sanders's second home, not his primary residence, it is not "a mortgage covered by § 226.32," and the section of TILA under which the Plaintiff claims the court has jurisdiction does not apply to the claims in this case. Therefore, the court cannot exercise jurisdiction based on TILA, and the court must deny Sanders's "Motion to Reconsider."

DONE and ORDERED this 6th day of May, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE